RUTLAND,
February,
1836

Ives
vs.
Wallingford.

---

JOEL STEVENS *vs.* EZRA WILKINS.

RUTLAND,
February,
1836.

When a plaintiff prays out a writ, and causes the same to be served, if the officer neglects to return the writ to the justice, no action will lie against the plaintiff at the suit of the defendant for the costs incurred in consequence of such neglect.

This was an action, on the the case. The plaintiff states in his declaration that the defendant sued out a writ against him, which was signed by R. Gibson Esq. justice of the peace, and delivered to Fitch a sheriff's deputy, who arrested the body of the plaintiff, took bail, made his return thereon, and delivered it to Solomon Foot Esq. the attorney of the defendant, whose name was indorsed as attorney on the said writ, and that the defendant did not, nor did any one for him, deliver said writ to the justice at any time before the hour therein appointed for the appearance of the plaintiff, nor within two hours thereafter. The plaintiff then avers that he appeared at the time and place of trial with his witnesses, but the defendant did not appear, nor did the justice before whom the writ was returnable.

To this declaration the defendant demurred generally, and joinder. The court below gave judgment for plaintiff; to which de-

cision the defendant excepted, and the cause was passed to this court for revision.

*S. Foot for defendant.*—1. The issuing of the writ, was a judicial act, the act of the magistrate, and not of the party. The party had a right to sue out his writ, and it is not contended otherwise, as this is not a suit, for malicious prosecution. The statute, page 136 provides, that if an action be not entered, within two hours, from the time the writ is made returnable, it shall not be entered at all, unless by consent of the parties. If the action be not entered within this time; whether in consequence of the writ not being returned, or the absence of the magistrate, it merely operates as a discontinuance of the suit.—10 John. 367, and defendant cannot recover cost except by obtaining judgment, or nonsuiting the plaintiff.—11 John. 407.

2. It appears from the declaration in this case, that the writ was given to the proper officer, and legal service made by him, and it was his business, his duty, agreeably to the directions contained in the precept, to return it to the subscribing magistrate. It was not enough for him, to send the writ to the plaintiff's attorney to be returned by him to the magistrate. The attorney might or might not attend at the trial. This would not necessarily follow from the fact, of his appearing to be the attorney on the writ. And if such attorney receive the writ from the officer, even with a promise, express or implied to return it to the magistrate, he, no less than any other person so receiving it, acts simply in the capacity of the officer's agent, for a particular purpose. If he fail to return it, his liability is only to the officer, for the non-performance of a special undertaking. The officer's liability, for the non-return of the precept is not discharged. It cannot be shifted from himself, upon his special agents, and least of all, can it be thrown from the officer, upon the plaintiff, the very party presumed to be most injured in such case, for not returning his writ in due season. Whatever may have been the obligation of the attorney in this instance, it could not affect the liability of the plaintiff, especially when no collision between them, is charged.

3. If the defendant be liable at all, upon the facts alleged in the plaintiff's declaration, it can only be for a malicious prosecution. Such is not the present action.

*Mr. Harman for plaintiff.*—1. The plaintiff is entitled to recover upon the general principle, laid down by Sir William Blackstone, and recognized by this court, at their last July Term, that " for every wrong there is always a remedy."

RUTLAND,
*February,*
1836.
Stevens
*vs.*
Wilkins.

2. It is not a sufficient objection to this action, that the plaintiff may, perhaps, have a claim for damages upon the officer who served the writ in favor of *Wilkins* vs. *Stevens*. Remedies are frequently manifold ; and though the officer may have rendered himself liable to the present plaintiff, yet,

3, It also appears from the pleadings, that the plaintiff has been aggrieved by the wilful act of the defendant, in receiving the writ from the officer and withholding it from the justice, although he might have delivered it to that magistrate.

Had the writ been returned, the cause might have been continued by another justice.

The opinion of the court was delivered by

WILLIAMS, Ch. J —The declaration sets forth no wrongful act of the defendant, which has occasioned any injury to the plaintiff. If the attorney of Mr. Wilkins was negligent in not returning the writ to the justice, his neglect cannot be considered as the act of Mr. Wilkins, nor can he be accountable for the fault of his attorney in this particular. The deputy sheriff, who served the writ, was bound to return the same, and if he failed to perform his duty, he is liable to any one who has been injured thereby. There is no reason for making the defendant chargeable for a neglect which he neither caused nor procured, and which was probably as injurious to him as to the plaintiff in this action. As this declaration sets forth no facts which can render the defendant liable, judgment must be, that the declaration is insufficient. It is of no importance for us to consider what other remedy this plaintiff may have. He must pursue such other and further remedy as he may be advised will be appropriate to his case. Possibly he might have obtained a judgment for his cost, at the time the writ was returnable to the justice, whether it was returned or not, by entering a complaint for that purpose to the justice ; but whether he could or not, is not a question now before us, and has not been considered or reflected on. The judgment of the county court must be reversed, and judgment entered for the defendant to recover his cost.